UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOBEAY QUARAN SWAFFORD,

        Petitioner,                      Case No. 1:08-cv-759

v.                                      HON. JANET T. NEFF

WILLIE SMITH,

        Respondent.
_____

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice because it is premature.

**Factual Allegations**

Petitioner is currently confined at Bellamy Creek Correctional Facility. Petitioner was charged with first-degree premeditated murder, MICH. COMP. LAWS § 750.316(1)(a), assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227, arising out of a shooting that occurred in April 2004. According to the Michigan Court of Appeals, Petitioner was arrested in Tennessee in May 2004 on federal charges. (Mich. Court of Appeals, No. 268499, Mar. 27, 2007 Order at 1.) The Wayne County prosecutor sent the United States Marshall Service a notice of detainer on June 1, 2004. Petitioner pleaded guilty to the federal charges in September 2004 and was sentenced to prison in November 2004. (*Id.*) Petitioner was notified of the detainer after his imprisonment. He requested disposition of the state charges on March 7, 2005 and was not arraigned until November 3, 2005. Petitioner asserted that since he was not tried within 180 days after his request for disposition was received, the court lost jurisdiction. The trial court agreed and dismissed the charges. (*Id.*) The prosecutor appealed the dismissal and the Michigan Court of Appeals reinstated the charges. (*Id.* at 1-2.)

After a jury trial, Petitioner was convicted on September 12, 2007. On September 27, 2007, Petitioner was sentenced to be incarcerated for the term of his natural life for murder, 15 to 30 years for assault, and two years for the possession of a firearm. (Am. Pet. at 1, docket #5.)

On September 21, 2007, the Michigan Supreme Court vacated the Michigan Court of Appeals's March 27, 2007 order and remanded the matter for reconsideration. (Mich. Supreme Court, docket #133897.) On remand, the Michigan Court of Appeals again reversed the trial court's dismissal of the charges against Petitioner. (Mar. 18, 2008 Order.) The Michigan Court of Appeals

denied Petitioner's motion for reconsideration on May 15, 2008. Petitioner sought leave to appeal to the Michigan Supreme Court, which was granted on October 17, 2008.

Petitioner raises four grounds in his application for habeas relief: (1) the Wayne County Prosecutor violated Articles III and IV of the Interstate Agreement on Detainers; (2) Petitioner is unlawfully incarcerated because the trial court lacked jurisdiction to try and sentence Petitioner; (3) Petitioner's constitutional rights to due process of law were violated because he was tried, convicted, and sentenced to charges that had been dismissed with prejudice, and (4) Petitioner received the ineffective assistance of counsel. (Am. Pet. at 6, 7, 9, 10.)

## **Discussion**

Petitioner's appeal is still pending before the Michigan Supreme Court and his application for habeas relief must be dismissed because it is premature. Section 2241 gives the federal courts jurisdiction to consider pretrial habeas corpus petitions, however, "the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Id*. Federal habeas corpus relief is only available to review the merits of a state criminal charge prior to a judgment or conviction by a state court in "special circumstances." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). The Sixth Circuit Court of Appeals has found that a federal court may consider a pretrial habeas corpus petition when the petitioner seeks a speedy trial and has exhausted available state court remedies, *Atkins*, 644 F.2d at 546-47, seeks to avoid a second trial on the grounds of double jeopardy, *see Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir.1981)*, and Justices of Boston Mun. Court*

*v. Lydon*, 466 U.S. 294, 300-03 (1984), or faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir.1988), *vacated on other grounds*, 492 U.S. 902 (1989). None of the aforementioned exceptions fits the present case.

Additionally, Petitioner has not alleged that he has exhausted his state court remedies. The federal courts have developed a common-law doctrine of exhaustion to protect the opportunity of the state courts to resolve constitutional issues arising within their jurisdictions and to limit federal interference in the state criminal process. *Atkins*, 644 F.2d at 546. The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available before a state trial and appeal of the final judgment at every level of the state-court system. *See, e.g., Adams v. Michigan*, No. 1:06-cv-785, 2006 WL 3542645, at *1 (W.D. Mich. Dec. 7, 2006); *Frazier v. Michigan*, No. 06-cv-11624, 2006 WL 1156438, at * 1 (E.D. Mich. Apr. 28, 2006); *Van Durmen v. Jones*, No. 4:02-cv-184, 2006 WL 322486, at * 2 (W.D. Mich. Feb. 10, 2006). Petitioner's claims may be resolved upon his appeal to the Michigan Supreme Court. Accordingly, the filing of Petitioner's application for habeas corpus relief was premature and will be dismissed.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application without prejudice pursuant to Rule 4 because it is premature.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds that it is premature. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of petitioner's claims on exhaustion grounds. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

    A Judgment consistent with this Opinion will be entered.


Dated:  November 13, 2008        /s/ Janet T. Neff
                                            JANET T. NEFF
                                            United States District Judge